**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| Chris Elisha Smith,<br>Plaintiff,<br>v.<br><br>YouTube, LLC,<br>Defendant. | Civil Action No.: 0:24-cv-60441-MD |

**DEFENDANT YOUTUBE, LLC'S RULE 12(b)(6) MOTION TO DISMISS**
**WITH SUPPORTING MEMORANDUM OF LAW**

Defendant YouTube, LLC ("***YouTube***") moves pursuant to FED. R. CIV. P. 12(b)(6) to dismiss Plaintiff Chris Elisha Smith's ("***Plaintiff***" or "***Mr. Smith***") Complaint, with prejudice.

## INTRODUCTION

YouTube is the operator of a free online video-sharing service with the unilateral right to remove user posted content and terminate user accounts, especially in response to accusations of intellectual property infringement. Mr. Smith once had a YouTube account to which he posted videos of himself reading Japanese textbooks. That account was allegedly terminated in November 2022 after receiving "trademark strikes" due to numerous complaints of infringement by a third party Japanese textbook publishing company. Despite acknowledging as much in his Complaint, Plaintiff nevertheless speculates that the third party complaints were due to his "skin color." Plaintiff then makes the even more fantastical leap that YouTube discriminated against him, defamed him, and violated antitrust laws by enforcing its Terms of Service in response to the infringement complaints.

On those basic facts, Plaintiff sued YouTube seeking a windfall of $730,010 in damages, listing claims for "Libel, Discrimination, Antitrust/Trade Regulations." However, Mr. Smith's

claims are so bare-bones they do not meet the minimum basic requirements of Rule 8. Even if they did, the Complaint's limited fact allegations do not meet the plausibility requirements of *Twombly/Iqbal*.

The purported libel claim fails because the Complaint does not identify a single statement that Plaintiff contends is defamatory, nor does it allege any facts that YouTube published a false, defamatory statement of fact about Plaintiff with the requisite culpability as to its falsity, or that Plaintiff's reputation was harmed. The purported discrimination claim fails because Plaintiff does not even identify the statutory basis for his claim or sufficiently allege he is a member of a protected class. Furthermore, Plaintiff cannot state a discrimination claim as a matter of law under certain statutes like Florida's Civil Rights Act or 42 U.S.C. §§ 1983 or 2000a, and the Complaint's own allegations not only fail to state a 42 U.S.C § 1981 claim, but they also preclude such a claim because the only possibly alleged discriminatory conduct was by a third party. Finally, the purported antitrust claim fails because Plaintiff again does not identify the statutory basis for the claim. Moreover, to the extent Plaintiff is trying to assert a monopolization claim, the Complaint does not – and cannot – allege the required elements of a relevant market, monopoly power, unlawful acquisition or maintenance of such power, and antitrust injury. Therefore, this case must be dismissed pursuant to Rule 12(b)(6). Furthermore, the dismissal should be with prejudice because YouTube is authorized to terminate Plaintiff's account.

## RELEVANT FACTS AND BACKGROUND

### I. YouTube.

YouTube operates a free online video-sharing service that allows users to upload videos. *Arthos Overseas Ltd. Corp. v. YouTube, Inc.*, 2023 WL 5607936, *4 (S.D. Fla. Aug. 29, 2023) (Am. R&R granting summary judgment to YouTube), *adopted by* 2023 WL 5607935 (S.D. Fla.

Aug. 29, 2023). As nearly universally recognized by courts, access to and continued operation of a YouTube account is governed by the YouTube Terms of Service and Community Guidelines, which every user must agree to and accept when creating an account and when uploading videos. *See, e.g.*, *Trump v. YouTube, LLC*, 2021 WL 8398892, *2, *10 (S.D. Fla. Oct. 6, 2021); *Prager Univ. v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020). Relevant to this case, pursuant to the Terms of Service: 1.) YouTube is not obligated to publish or host any user videos; 2.) users are prohibited from uploading content that infringes the intellectual property rights of others or otherwise violates the law, the Terms of Service or Community Guidelines; 3.) YouTube has the unilateral right to remove user videos and terminate user accounts in its sole discretion; and 4.) YouTube is not liable for any damages resulting from the removal of content or termination of a user's account. *See, e.g.*, *Trump*, 2021 WL 8398892 at *10; *Doe v. Google LLC*, 2022 WL 17077497, *1 (9th Cir. Nov. 18, 2022); *Prager Univ.*, 951 F.3d at 995; *Mercola.com, LLC v. Google LLC*, 2023 WL 5680112, *1-2 (N.D. Cal. Sept. 4, 2023); *Mishiyev v. Alphabet, Inc.*, 444 F. Supp. 3d 1154, 1156-57 (N.D. Cal. 2020).

**II. The Complaint.**

According to his Complaint, Mr. Smith is a resident of Fort Lauderdale, Florida who had a YouTube account through which he posted videos reading Japanese textbooks or giving Japanese textbook lessons. (Compl. ¶¶ 2, 4, Dkt. 1-1 p. 7.) YouTube terminated his account on November 30, 2022 and took his videos down from YouTube's platform. (*Id.* ¶ 4.) Mr. Smith contends that after "my skin color was seen on red, unopened Japanese textbooks", a third party named 3A Corporation abused YouTube's systems by submitting "illegitimate trademark strikes" to get his videos removed and account terminated. (*See id.* ¶¶ 4-5, pp. 7-8.) The Complaint does not identify Mr. Smith's skin color – or any protected class or characteristic – and contains no allegations about

the content of the strikes. (*See id.*) The Complaint also contains the bizarre statement that "YouTube [has a] monopoly over Japanese educational material." (*Id.* ¶ 5, p. 8.)

From these sparse "facts" the Complaint lists three purported claims: 1.) "Libel"; 2.) "Discrimination"; and 3.) "Antitrust/Trade Regulations". (*Id.* ¶ 5.) Plaintiff asks for $730,010 in damages, which he asserts is related to 8 books titled "Minna no Nihongo English Translation and Grammatical notes" and "Minna no Nihongo", and videos for "Minna no Nihongo." (*Id.* ¶¶ 1, 6.) These claims are based on the same limited, but digressive allegations. Parsing these allegations, the Complaint at best asserts that Mr. Smith is upset that his account with YouTube was terminated due to 3A Corporation's accusations of repeated intellectual property infringement.[1] This alleged conduct by YouTube, however, is consistent with YouTube's Terms of Service and lawful.

**LEGAL STANDARD**

"A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint's factual allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2007) (cleaned up). Although well-pleaded fact allegations must be accepted as true, the Court need not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). However, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],'

[1] According to its website, 3A Corporation is a publisher of Japanese language textbooks, including the books identified in the Complaint. *See* www.3anet.co.jp/en/company.html.

which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009).

Although *pro se* pleadings are liberally construed, they must still set forth a factual basis for a claim, and the Court cannot serve as *de facto* counsel for Plaintiff, rewrite his deficient complaint, or fill in the blanks to infer a claim. *E.g.*, *Jackson v. JPay, Inc.*, 851 F. App'x 171, 172 (11th Cir. 2021); *Briseus v. JPMorgan Chase Bank, N.A.*, 2018 WL 3586140, *2 (S.D. Fla. July 26, 2018). The Court primarily considers the allegations, but can also consider the exhibits, documents referenced in the complaint, and may take judicial notice of matters of public record without converting the motion into one for summary judgment. *E.g.*, *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010).

## ARGUMENT AND CITATION OF AUTHORITY

### I. The Complaint Does Not State A Single Plausible Claim For Relief.

The Complaint should be dismissed under Rule 12(b)(6) because it fails the basic pleading requirements of Rule 8. The sparse facts alleged do not rise to the level of establishing a single claim for relief, let alone a plausible one. Indeed, while the Supreme Court is clear that merely reciting the elements of a cause of action will not suffice, the Complaint does not even do that, as it fails to state the elements of any of the three causes of action it purports to assert. When the elements of each claim are considered, the face of the Complaint leaves no doubt that it must be dismissed. Furthermore, amendment of the Complaint would be futile here.

#### A. The Complaint Does Not State A Plausible Libel Claim.

The first "claim" listed in the Complaint is "Libel." (Compl. ¶ 5, Dkt. 1-1 p. 8.) The only allegations which possibly relate to this purported claim are that "[Plaintiff has] waited for 3A

Corporation / Youtube LLC to remove illegitimate trademark strikes for a whole year …" and Plaintiff's YouTube account was terminated. (*Id.* ¶¶ 4-5, pp. 7-8.) This does not state a claim for libel under Florida law, which requires Plaintiff to plead facts establishing: 1.) a provably false and defamatory statement of fact; 2.) of and concerning Plaintiff; 3.) published by YouTube to a third-party; 4.) with negligence, knowledge or reckless disregard as to its falsity; 5.) that damaged Plaintiff's reputation. *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018), *citing Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008); *Rubin v. U.S. News & World Report, Inc.*, 271 F.3d 1305, 1306 (11th Cir. 2001) (affirming 12(b)(6) dismissal).

Here, the Plaintiff has not identified a false statement of fact published by YouTube about him. *See, e.g.*, *Briseus*, 2018 WL 3586140 at *3 (dismissing *pro se* defamation claim under Florida law that was based on defendant barring plaintiff from its facilities, for failure to identify any statement by defendant or any false statement made to a third party); *Noveshen v. Bridgewater Assocs., LP*, 47 F. Supp. 3d 1367, 1376 (S.D. Fla. 2014) (same, for failing to plead any false statements); *Johnson v. Office of Soc. Sec. Admin.*, 2012 WL 12895244, *1 (S.D. Fla. July 23, 2012) (same, for failing to sufficiently identify the alleged false statements, among other things); *Williams v. Schrader*, 2012 WL 1060159, *1 (S.D. Fla. March 28, 2012) (same, for failing to allege speaker's identity, describe the statement, and provide the time frame of alleged publication). Even taking the Complaint in the most generous light, YouTube's alleged decision to terminate Mr. Smith's account is not actionable as libel. *See, e.g.*, *Sequeira v. Gate Safe, Inc.*, 2017 WL 6568196, *3 (S.D. Fla. Oct. 27, 2017) ("non-verbal" act cannot constitute legally actionable defamation under Florida law), *quoting Hoon v. Pate Const. Co., Inc.*, 607 So. 2d 423, 429 (Fla. 4th DCA 1992).

Furthermore, to the extent the Complaint could possibly be construed as asserting that 3A Corporation's vaguely referenced and unsubstantiated alleged "trademark strikes" are the alleged libelous statements, Plaintiff still fails to state a libel claim. YouTube cannot be liable for this content under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), even if those alleged strikes had been published by YouTube. *See, e.g.*, *Dowbenko v. Google Inc.*, 582 F. App'x 801, 804-05 (11th Cir. 2014) (CDA Section 230 pre-empted defamation claim against interactive computer service provider Google based on statements by third-parties; affirming dismissal); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 953-55 (N.D. Cal. 2020) (YouTube is an interactive computer service provider under Section 230, which provides immunity against state and federal claims seeking to hold it liable as a publisher or speaker of third-party created content).

For these reasons, Plaintiff's libel claim must be dismissed.

**B. The Complaint Does Not Contain a Plausible Discrimination Claim.**

Plaintiff's second "claim" listed in the Complaint is "Discrimination." (Compl. ¶ 5, Dkt. 1-1 p. 8.) The only allegations relevant to this purported claim are: 1.) Plaintiff's YouTube account was active for four years "until 'my skin color was seen on red, unopened Japanese textbooks'"; 2.) then third party 3A Corporation abused YouTube's systems to have all of his videos containing his Japanese textbook lessons removed by YouTube; and 3.) other unidentified YouTube users "primarily of White or Japanese ethnicity are allowed to 'hold Japanese textbooks with their face'" - presumably without their posted content being removed. (*Id.* ¶ 4-5, pp. 7-8.) As a preliminary matter, the discrimination claim must be dismissed because the Complaint fails to identify the statutory basis for the claim and whether Plaintiff is asserting a claim under Florida or federal law. *Briseus*, 2018 WL 3586140 at *3 (dismissing *pro se* discrimination claim for failing to specify statutory basis or indicate if plaintiff was asserting federal or state law, and further explaining there

is no Florida common law claim for discrimination). Furthermore, Plaintiff fails to state a basis for a discrimination claim. For example, the "… my skin color …" allegation is insufficient to state a claim. *Id.* (allegation that plaintiff is a "young black man" failed to state discrimination claim). Nor did he state any other colorable claim.

Even construing the Complaint in favor of the Plaintiff, and even if Plaintiff had identified a statutory basis for a discrimination claim, the Complaint fails to state a claim for discrimination regardless of which statutory basis Plaintiff might attempt to assert. For example, Plaintiff cannot state a claim under Florida's Civil Rights Act because he suffered no workplace discrimination since he was never a YouTube employee or potential employee, and he was not discriminated against in a place of public accommodation. *See* Fla. Stat. §§ 760.08 & 760.10; *Crosswright v. Escambia Cmty. Clinics*, 666 F. Supp 3d 1200, 1211 (N.D. Fla. 2023). Plaintiff also cannot state a claim under the federal statutes 42 U.S.C. §§ 1983 or 2000a because YouTube is not a state actor and its online service is not a place of public accommodation. *See Lewis v. Google LLC*, 851 F. App'x 723, 724 (9th Cir. 2021).

The Complaint also fails to state a claim under 42 U.S.C. § 1981 because there are no alleged facts establishing that 1.) Plaintiff belongs to a racial minority; 2.) YouTube acted with racial animus and intended to discriminate against Plaintiff based on his race; or 3.) the discrimination concerned an activity enumerated in the statute, like the right to make and enforce contracts. *See Humphrey v. United Parcel Serv.*, 200 F. App'x 950, 952 (11th Cir. 2006); *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1269-70 (11th Cir. 2004). To the contrary, Plaintiff's own allegations defeat such a claim for several reasons. First, the Complaint asserts a third party carried out the perceived discriminatory act. Second, Plaintiff acknowledges YouTube acted in response to infringement complaints, not on account of Plaintiff's race. Third, Plaintiff tacitly admits the

other YouTube users are not similarly situated to Plaintiff in all relevant respects besides race because they were not accused of infringement. *See Jackson*, 372 F.3d at 1272, 1273-74 (complaint failed to identify any specific nonminority employee who was treated differently in similar cases). Finally, Plaintiff cannot allege he was deprived of a contractual right because YouTube is not obligated to host any of Plaintiff's videos and is permitted to unilaterally terminate his account pursuant to the Terms of Service. (*See supra* at 2-3, and *infra* § II.)

For all these reasons, Plaintiff's purported discrimination claim must be dismissed as well.

### C. The Complaint Does Not State A Plausible Antitrust/Trade Regulation Claim Either.

Plaintiff also fails to state a claim for violation of antitrust or other trade regulation laws, which is the third and final "claim" Plaintiff lists in the Complaint. (Compl. ¶ 5, Dkt. 1-1 p. 8.) The only allegation concerning this purported claim is that YouTube has a monopoly over Japanese educational material. (*Id.*) In this regard, the Complaint can at best be read as attempting to assert a claim for monopolization, but Plaintiff again fails to indicate whether he is trying to assert a Florida or federal statutory claim. Either way, the Complaint fails for the same reasons because the elements of a monopolization claim are the same under the Sherman Act (15 U.S.C. § 2) and Florida's Antitrust Act (Fla. Stat. § 542.19). *See Fin-S Tech, LLC v. Surf Hardware Int'l-USA, Inc.*, 2014 WL 12461350, at *2 (S.D. Fla. Aug. 27, 2014) (separate 12(b)(6) analysis of sufficiency of monopoly claims not necessary because Florida Antitrust Act patterned after Sherman Act).

To state a monopolization claim, the Complaint must allege facts showing: 1.) YouTube has monopoly power in the relevant market; 2.) YouTube willfully acquired or maintained that power as distinguished from growth or development due to a superior product, business acumen, or historic accident; and 3.) antitrust injury. *See Fin-S Tech*, 2014 WL 12461350 at *3, *citing*

*Morris Commc'ns Corp. v. PGA Tour, Inc.*, 364 F.3d 1288, 1293-94 (11th Cir. 2004); *Okeelanta Power Ltd. P'ship v. Fla. Power & Light Co.*, 766 So. 2d 264, 267 (Fla. 4th DCA 2000). The first element, monopoly power, requires the power to control prices in or exclude competition from the relevant market; the second element requires predatory or exclusionary acts that prevent or exclude competition from the relevant market; and the third element requires harm to the competitive process causing harm to consumers, not just competitors. *See PGA Tour, Inc.*, 364 F.3d at 1294.

The Complaint fails to plead a single fact supporting any of these elements. First, Plaintiff fails to allege a relevant market. The conclusory allegation that YouTube has a monopoly over "Japanese educational material" should be rejected, and it is facially untrue – and absurd – because Japanese educational material is widely available and is available from many other sources (like 3A Corporation), whereas YouTube operates an online video-sharing service where users post all types of content. Moreover, even if this allegation were sufficient to identify a relevant market, there are no alleged facts showing YouTube's monopoly power in such a market. Second, there are no alleged predatory or exclusionary actions by YouTube to obtain or maintain such power. And third, there are no facts alleged that YouTube restricted entry of new competitors or drove existing competitors out of such market, or that YouTube caused harm to the competitive process in such market or to consumers. Hence, Plaintiff fails to state a plausible claim for monopolization. *See Fin-S Tech*, 2014 WL 12461350 at *3-4. Nor would Plaintiff be able to truthfully allege any such facts against YouTube if he tried. Accordingly, Plaintiff's antitrust claim must be dismissed.[2]

[2] To the extent the Complaint's reference to "Trade Regulations" could be read to implicate Florida's Uniform Deceptive Trade Practices Act, such a claim is based on the same allegations as the purported antitrust claim and fails for the same reasons. *See Arthos Overseas Ltd. v YouTube, Inc.*, 2022 WL 910272, *4 (S.D. Fla. March 29, 2022).

## II. The Court Should Dismiss The Complaint With Prejudice.

The Complaint should be dismissed with prejudice because amendment would be futile here. *See Bruce v. U.S. Bank N.A.*, 770 F. App'x 960, 966 (11th Cir. 2019) (district court may deny *pro se* plaintiff leave to amend complaint under Rule 15(a) when amendment would be futile). It is indisputable that YouTube's Terms of Service govern the use of its service and give YouTube the unilateral right to remove any user's content and terminate user accounts and their access to the service at YouTube's discretion. *E.g.*, *Trump*, 2021 WL 8398892 at *10; *Mishiyev*, 444 F. Supp. 3d at 1156-57. This includes YouTube's contractual right to remove user content and terminate accounts with its service in response to infringement complaints submitted by third parties. *See Mishiyev*, 444 F. Supp. 3d at 1156, 1159-60. That is precisely the situation Plaintiff's allegations present here. Hence, the Complaint should be dismissed with prejudice, consistent with decisions by other courts repeatedly dismissing with prejudice complaints against YouTube premised on the removal of users' content or termination of user accounts regardless of the legal theories asserted.[3]

## CONCLUSION

The Complaint does not meet the most basic requirements of Rule 8 and fails to state a single, plausible claim for relief. Amendment here is futile because Plaintiff cannot allege any viable claim premised on YouTube allegedly terminating his account. Accordingly, Defendant YouTube,

[3] *E.g.*, *Doe*, 2022 WL 17077497 at *4 (affirming 12(b)(6) dismissal with prejudice of complaint against YouTube and Google asserting numerous breach of contract, breach of good faith and fair dealing, and First Amendment claims); *Lewis v. Google LLC*, 851 F. App'x 723, 723-25 (9th Cir. 2021) (affirming 12(b)(6) dismissal with prejudice of complaint against YouTube and Google for civil rights violations, false advertising, and contract claims); *Mercola.com*, 2023 WL 5680112 at *4-7 (dismissing with prejudice complaint against YouTube and others for breach of contract, unjust enrichment, and conversion); *Mishiyev*, 444 F. Supp. 3d at 1159 (dismissing with prejudice complaint against YouTube and others for breach of contract and tort claims).

LLC respectfully requests that this Court GRANT its Motion, and DISMISS Plaintiff's Complaint with prejudice and without leave to amend.

Respectfully submitted this 27th day of March, 2024.

*/s/ Ezequiel J. Romero*
**BRYAN CAVE LEIGHTON PAISNER, LLP**
Ezequiel J. Romero, Esq.
Florida Bar No. 107216
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Email: Ezequiel.romero@bclplaw.com

Damon J. Whitaker, Esq.
Florida Bar No. 0923591
1201 W. Peachtree St. NW, 14th Floor
Atlanta, GA 30309
Tel: (404) 572-6600
Email: damon.whitaker@bclplaw.com

*Attorneys for YouTube, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2024, a true and correct copy of the foregoing ***Defendant YouTube, LLC's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, with Supporting Memorandum of Law*** was served on Plaintiff Chris Elisha Smith via U.S. Mail at 555 N.W. 29 Ave, Ft. Lauderdale, Florida 33311.

*/s/ Ezequiel J. Romero*
Ezequiel J. Romero, Esq.

*One of the Attorneys for YouTube, LLC*