**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| Chris Elisha Smith,<br><br>Plaintiff,<br>v.<br><br>YouTube, LLC,<br><br>Defendant. | Civil Action No.: 0:24-cv-60441-MD |

**REPLY IN SUPPORT OF DEFENDANT YOUTUBE, LLC'S**
**RULE 12(b)(6) MOTION TO DISMISS**

YouTube, LLC ("***YouTube***") hereby replies in support of its Rule 12(b)(6) Motion to Dismiss (D.E. 4, "***Motion***") the Complaint (D.E. 1-1) of Plaintiff Chris Elisha Smith ("***Plaintiff***"). Plaintiff's response (D.E. 8, "***Response***") fails to address a single argument in YouTube's Motion, and thereby confirms this case should be dismissed with prejudice.[1] Both the Complaint and Response are frivolous, fail to assert a single plausible claim against YouTube, and need only limited consideration to be dismissed given YouTube's unrefuted legal authority and arguments.

**INTRODUCTION**

This case involves nothing more than YouTube lawfully removing videos and terminating a user account for repeated accusations of infringement. Nevertheless, Plaintiff has sued YouTube

[1] On April 1, 2024, Plaintiff filed his response to the Motion to Dismiss, which he styled "Motion to Stop Dismissal." (D.E. 7). Plaintiff then amended his response to YouTube's Motion to Dismiss within the original response period of S.D. Fla. L.R. 7.1(c)(1) with his filing of April 4, 2024, styled "Amendment Motion to Stop Dismissal." (D.E. 8.) Neither filing is in fact a motion, and YouTube replies to the operative amended response brief (D.E. 8) within the 7 day period of Local Rule 7.1(c)(1). YouTube's Motion is ripe for decision with the filing of this Reply.

for libel, discrimination, and antitrust violations. YouTube's Motion established several grounds for why each purported claim must be dismissed, and further showed that the Complaint must be dismissed with prejudice because amendment would be futile.

Specifically, the libel claim fails because Plaintiff does not identify a single false statement of fact by YouTube, and YouTube cannot be held liable for any third-party's unidentified statements or for non-verbal conduct like terminating Plaintiff's account. The discrimination claim fails because Plaintiff does not identify a legal basis for the claim, and YouTube is not a state actor or place of public accommodation. Further, rather than allege any facts to support any of the necessary elements of a possible discrimination claim against YouTube, the allegations of the Complaint confirm the alleged discrimination was by a third-party, not YouTube. The antitrust (monopoly) claim fails because Plaintiff again does not identify a legal basis for the claim, fails to allege a relevant market, and fails to allege any facts supporting the necessary elements of monopoly power, predatory conduct by YouTube, or injury to competition. Plaintiff's Response barely addresses – if at all – any of his purported claims and fails to respond to any of the arguments raised in YouTube's Motion. This alone warrants dismissal.

Rather than attempt to address YouTube's legal arguments or explain Plaintiff's purported claims, the Response is a meandering, nonsensical screed, primarily about: teaching or reading Japanese; Plaintiff's distress from being "denied access to Japanese women"; and other irrelevant harm having nothing to do with YouTube (such as bleeding from his hand and foot from broken glass, and people smoking or using drugs where he lives). (*E.g.*, D.E. 8, at pp. 3-4 ¶¶ 3 & 4.) At best, Plaintiff is upset that the United States intellectual property laws allow online service providers like YouTube to take down user content like his in response to third party complaints of

infringement. (*E.g.*, *id.*, at p. 3 ¶¶ 1-2, pp. 5 & 14.)[2] Plaintiff is also upset that other YouTube users allegedly told him "they do not care about [his] Japanese textbooks." (D.E. 8, at p. 3 ¶ 3, p. 14.) The Response makes no cognizable argument that could save the Complaint from dismissal. Instead, what can be gleaned from the Response is this: YouTube is not responsible for whatever it is Plaintiff perceives to be transgressions against him.

## ARGUMENT

### I. <u>The Motion To Dismiss Should Be Granted.</u>

YouTube's Motion to Dismiss set forth several independent grounds for dismissing all of Plaintiff's purported claims with prejudice. (*See* Mot., at 5-10.) Because the Response fails to respond to any of these grounds for dismissal, the Court should grant the Motion. "Courts in this district regularly deem claims abandoned where a plaintiff raises the claim in a complaint, but then fails to defend it in opposition to a motion to dismiss." *Gomez v. Miami-Dade County*, 563 F. Supp. 3d 1211, 1218 (S.D. Fla. 2021); *see GOLVTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017) ("When a party fails to respond to an argument or address a claim in a response brief, such argument or claim can be deemed abandoned."). As shown below, the

---

[2] The Response acknowledges YouTube's legal right to respond to infringement takedown requests. (*Id.*, at p. 3, ¶ 2 ("Defendant acts in response to a complaint issued by a trademark/copyright holder/intellectual property holder") & p. 4, ¶ 3 ("Plaintiff understands YouTube has to reserve the rights to trademark holders").) Yet, Plaintiff takes issue with the United States intellectual property laws permitting and encouraging such conduct. (*Id.*, at p. 3 ¶ 2, p. 4 ¶ 3, p. 14.) For example, the Digital Millennium Copyright Act protects online service providers like YouTube from infringement claims based on content created or posted by Internet users like Plaintiff if YouTube follows the statutory notice and takedown process. *See* 17 U.S.C. § 512 (DMCA "safe harbor"); *Opinion Corp. v. Roca Labs, Inc.*, 2016 WL 6824383, *3 (M.D. Fla. Nov. 17, 2016) (under DMCA, online service providers avoid liability if they "expeditiously remove[] or disable[] access to the [allegedly infringing] content after receiving a takedown notice from the copyright holder"). If Plaintiff believes the third-party complaints of infringement are improper, he may bring a claim against the third-party. 17 U.S.C. § 512(f) (providing alleged infringer a claim against copyright owner for knowing and material misrepresentation of infringement in takedown request); *Opinion Corp.*, 2016 WL 6824383 at *3.

Response's failure to respond to each independent ground raised by YouTube's Motion requires the Complaint be dismissed.

**A. The Complaint Alleges No Plausible Libel Claim.**

YouTube set forth three independent grounds to dismiss the libel claim: 1.) Plaintiff does not identify a single false statement of fact YouTube published about him; 2.) terminating Plaintiff's YouTube account is non-verbal conduct not actionable as libel; and 3.) YouTube possesses immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). (Mot., at 5 - 7.) The Response does not address any of these arguments.

Although on notice that he must identify a specific false statement by YouTube, Plaintiff still does not do so. Instead, the Response actually shows that the unidentified statements Plaintiff complains of were made by third parties, either other YouTube users or the third parties who accused Plaintiff of infringement. Hence, the Response confirms that YouTube has not defamed Plaintiff. The libel claim must therefore be dismissed.

**B. YouTube Maintains That There Is No Plausible Discrimination Claim.**

YouTube also set forth five independent grounds to dismiss Plaintiff's discrimination claim: 1.) Plaintiff does not identify the statutory basis or whether he is asserting a claim under Florida or federal law; 2.) Plaintiff fails to allege he is a member of a protected class ("my skin color" is insufficient); 3.) YouTube is not a state actor and does not provide a place of public accommodation; 4.) YouTube did not act with any racial animus or intent to discriminate against Plaintiff; and 5.) Plaintiff's own allegations defeat his claim because the Complaint asserts a third party acted discriminatorily, YouTube did not act based on Plaintiff's race, and no similarly situated individuals have been treated differently. (Mot., at 7-8.) Again, the Response fails to address any of these arguments.

The Response does not bother to identify any state or federal statute on which Plaintiff is trying to base his claim. Instead, Plaintiff includes three subsections of the U.S. Copyright Act and one subsection from Title 20 ("Education") of the U.S. Code, none of which is relevant to a discrimination claim. (*See* Resp., at 13, 15-20 (17 U.S.C. §§ 601-603 & 20 U.S.C. § 9871)). Similarly, Plaintiff does not identify the protected class to which he claims to be a member. Instead, all the Response offers on his discrimination claim are the unsupported contentions that: "Plaintiff identifies prejudice from both the Japanese and Americans in an American's ability to comprehend and utilize real Japanese;" and "[h]ostile atmosphere involving a non-white or non-Japanese individual learning real Japanese and owning real Japanese textbooks." (Resp., at 4, 14.) This does not show any conduct by YouTube, let alone any unlawful discrimination. Accordingly, the Response confirms the purported discrimination claim must be dismissed.

**C. Plaintiff Asserts No Plausible Antitrust Claim Either.**

YouTube also set forth five independent grounds to dismiss the antitrust (*i.e.*, monopoly) claim: 1.) Plaintiff does not indicate if this claim is asserted under Florida or federal law; 2.) there is no cognizable relevant market; 3.) YouTube does not have monopoly power over Japanese textbooks or education; 4.) YouTube did not engage in any predatory or exclusionary actions to obtain or maintain such non-existent power; and 5.) YouTube has not caused any antitrust injury. (Mot., at 9-10.) Once again, the Response fails to address any of these arguments.

As with his discrimination claim, Plaintiff still fails to identify the statutory basis for his claim. Moreover, the Response makes no attempt to discuss the purported monopolization claim at any level. All it contains is a general reference to "monopolies" in one sentence, but this is not tied to YouTube in any way, and does not address Plaintiff's purported claim at all. (*See* Resp., at 5.) Plaintiff makes no attempt to identify or explain any relevant market or how YouTube has

monopoly power, and also fails to raise any predatory or exclusionary actions, or any arguable antitrust injury. Accordingly, the Response confirms that the antitrust claim must be dismissed as well.

## II. <u>The Complaint Should Be Dismissed With Prejudice.</u>

YouTube's Motion to Dismiss also showed that the Complaint must be dismissed with prejudice because amendment would be futile. The futility of Plaintiff's claims is due to the indisputable fact that YouTube's Terms of Service govern Plaintiff's use of its services and give YouTube the unilateral right to remove user content, terminate user accounts, and terminate user access to YouTube's services. (Mot., at 2-3, 11.) Plaintiff's Response does not contest that amendment is futile, and makes no attempt to discuss, let alone dispute, YouTube's Terms of Service. Hence, the Complaint must be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, and those contained in YouTube's Motion to Dismiss, YouTube respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted this 10th day of April, 2024.

*/s/ Damon J. Whitaker*
**BRYAN CAVE LEIGHTON PAISNER, LLP**
Ezequiel J. Romero, Esq. (Florida Bar No. 107216)
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Email: Ezequiel.romero@bclplaw.com

Damon J. Whitaker, Esq. (Florida Bar No. 0923591)
1201 W. Peachtree St. NW, 14th Floor
Atlanta, GA 30309
Tel: (404) 572-6600
Email: damon.whitaker@bclplaw.com

*Attorneys for YouTube, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 10, 2024, a true and correct copy of ***Reply in Support of Defendant YouTube, LLC's Rule 12(b)(6) Motion to Dismiss*** was e-filed using the Court's ECF System and served on Plaintiff Chris Elisha Smith via U.S. Mail at 555 N.W. 29 Ave, Ft. Lauderdale, Florida 33311, with a copy sent by email to LeslieSmit555@gmail.com.

*/s/ Damon J. Whitaker*
Damon J. Whitaker, Esq.

*One of the Attorneys for YouTube, LLC*