UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| Chris Elisha Smith,<br><br>      Plaintiff,<br>v.<br><br>YouTube, LLC,<br><br>      Defendant. | Civil Action No.: 0:24-cv-60441-MD |

**DEFENDANT YOUTUBE, LLC'S**
**MOTION TO STAY CASE PLANNING AND DISCOVERY DEADLINES**

Defendant YouTube, LLC ("***YouTube***") moves for an order temporarily staying all pending case planning and discovery deadlines under Fed. R. Civ. P. 26 and S.D. Fla. Local Rule 16.1 pending resolution of YouTube's Motion to Dismiss the Complaint (D.E. 4), and in support thereof states as follows:

**PROCEDURAL BACKGROUND**

Plaintiff filed this *pro se* action on January 30, 2024, in the Broward County Circuit Court ("***State Court***") and YouTube timely removed it to this Court on March 20, 2024. (D.E. 1.) On March 27, 2024, YouTube timely filed its Rule 12(b)(6) Motion to Dismiss the Complaint and Supporting Memorandum of Law ("***Motion to Dismiss***"), seeking to dismiss the entire action with prejudice. (D.E. 4.) The Motion to Dismiss was fully briefed as of April 10, 2024, when YouTube filed its reply brief, and is ripe for decision by the Court. (*See* D.E. 4, 7 – 9.)[1]

On April 12, 2024, Plaintiff submitted to the Court a document titled "Response in Opposition to Motion to Dismiss", which is either a sur-reply or a second amended opposition

---

[1] Plaintiff filed his opposition brief on April 1, 2024 (D.E. 7) and an amended opposition brief on April 4, 2024 (D.E. 8, the "***First Amended Brief***").

1

brief to YouTube's Motion to Dismiss. (*See* Dkt. 12, the "**Sur-Reply/Second Amended Brief**".)[2] Plaintiff then sought a Clerk's entry of default against YouTube on April 16, 2024, attempting to rely on the State Court clerk's erroneous entry of default after YouTube had removed the action to this Court. (D.E. 10.) The Southern District of Florida Clerk of Court immediately denied Plaintiff's request for default, properly noting that YouTube had moved to dismiss the Complaint. (D.E. 11.) On April 18, 2024, to ensure the Court had a complete record, YouTube filed the State Court's Notice of Clerical Error issued April 10, 2024, which corrects the State Court clerk's mistake in entering a default against YouTube and acknowledges YouTube's timely removal of this action to this Court. (D.E. 13.)

On May 6, 2024, the Court issued an Order Requiring Scheduling Report and Certificates of Interested Parties, directing the parties to prepare and file the Local Rule 16.1 joint scheduling report by May 20, 2024. (D.E. 15, "***May 6 Order***".)[3] The parties will be required to exchange their Rule 26 initial disclosures within fourteen days after holding the Rule 26(f) conference unless a different date is set by agreement or by Court order. Fed. R. Civ. P. 26(a)(1)(C).

YouTube's counsel delivered a letter to Plaintiff by email and hand delivery on May 10, 2024 in accordance with its Local Rule 7.1(a)(3) obligations to meet and confer with Plaintiff. (Exhibit 1.) YouTube explained its position that a case scheduling conference and report, along with all discovery efforts, are an unnecessary and inefficient use of the parties' and the Court's time and resources, and will be unnecessary if the Court grants YouTube's Motion to Dismiss. (*Id.*) YouTube informed Plaintiff it intended to ask the Court to stay or continue all cases deadlines

---

[2] Plaintiff's Sur-Reply/Second Amended Brief was entered on the docket on April 18, 2024. (*Id.*)
[3] The Court's May 6 Order also directed the parties to file their certificates of interested parties and corporate disclosure statements by May 20. (D.E. 15.) YouTube previously filed its Rule 7.1 Corporate Disclosure Statement and Certificate of Interested Persons on March 20, 2024, and Plaintiff filed his disclosure statement on May 13, 2024. (D.E. 3 & 17.)

until after the Court rules on the Motion to Dismiss, asked Plaintiff if he would consent to such a stay, provided a draft Joint Motion to Stay for Plaintiff's consideration, and asked that Plaintiff respond by email to YouTube's counsel by 5 p.m. on May 14, 2024 to either confirm his consent or set a time to further confer by telephone. (*Id.*) Plaintiff did not respond.

Instead, Plaintiff filed a document titled "Amendment to Response in Opposition to Motion to Dismiss", which was filed May 10, 2024 and entered on the docket on May 13, 2024 (D.E. 16, the "**Second Sur-Reply/Third Amended Brief**").[4] On May 13, 2024, Plaintiff filed a document titled "Joint Scheduling Report", attempting to put forth a unilateral scheduling order and asserting additional arguments apparently going to the Motion to Dismiss. (D.E. 18 at 4-6, 8.) On May 15, 2024, the Court issued its Order Striking Plaintiff's Scheduling Report because Plaintiff did not meet and confer with YouTube and did not comply with the Court's May 6 Order and the Local Rules. (D.E. 19, "**May 15 Order**".) The Court further ordered Plaintiff to comply with the May 6 Order or show cause in writing why he should not be sanctioned for failing to comply with the Court's May 6 Order and its March 28, 2024 Order Providing Instructions to Pro Se Litigant. (*Id.*)

YouTube's counsel delivered a follow up letter to Plaintiff by email and hand delivery on May 15, 2024 in a further effort to meet and confer with Plaintiff under Local Rule 7.1(a)(3). (Exhibit 2.) YouTube included a copy of the May 15 Order, reiterated its position as to a temporary stay of the case and its request for Plaintiff to join a motion to stay, and provided another copy of the draft Joint Motion to Stay (revised slightly to reflect Plaintiff's filing of his disclosure statement). (*Id.*) Plaintiff was asked to contact YouTube's counsel by email no later than 5 p.m.

---

[4] Both Plaintiff's Sur-Reply/Second Amended Brief and Second Sur-Reply/Third Amended Brief were improperly filed without leave of Court in violation of S.D. Fla. Local Rule 7.1(c)(1), and continue to erroneously argue YouTube is in default when both the removal and YouTube's Motion to Dismiss were timely filed. These filings do not address any of the arguments raised in YouTube's Motion to Dismiss and its briefings, and indicate that amendment of Plaintiff's claims is futile, further confirming his Complaint should be dismissed with prejudice.

3

on Thursday, May 16, 2024, and was informed YouTube would proceed with filing its own motion to stay if its counsel did not hear from him by that time. (*Id.*)

Plaintiff responded by email the evening of May 15 informing YouTube's counsel that he opposes a stay of the case planning and discovery deadlines. (Exhibit 3.) YouTube's counsel spoke with Plaintiff via telephone on May 16, 2024, but the parties could not resolve their dispute over a temporary stay and Plaintiff maintains his objection thereto. Accordingly, YouTube now moves to stay all case deadlines, including the start of discovery, pending the Court's ruling on YouTube's Motion to Dismiss.

## ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Fed. R. Civ. P. 16(b)(2), a scheduling order is to be entered within the earlier of 90 days after YouTube was served or 60 days after YouTube appeared, which date is May 20, 2024. However, the Court is not required to issue a scheduling order if the Court finds good cause for its delay. Fed. R. Civ. P. 16(b)(2). YouTube requests that the deadlines for a case management conference, report and proposed scheduling order, and the entry of the case scheduling order, be temporarily stayed (or alternatively continued) until the Court has an opportunity to rule on YouTube's pending Motion to Dismiss. The requested temporary stay will preserve the resources of the parties and the Court. As the face of Plaintiff's Complaint and the parties' briefing on YouTube's Motion to Dismiss show, the Motion to Dismiss is clearly meritorious and case dispositive, and Plaintiff's claims are especially dubious. Hence, there is good cause to delay the case scheduling order and it is reasonable to grant the requested stay.

Furthermore, the Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Lacroix v. Lejeune Auto Wholesale, Inc.*, No. 20-21469-CIV, 2020 WL 6059765, at *1 (S.D. Fla. Oct. 14, 2020)

4

(district courts have broad discretion over the management of pre-trial activities, including discovery and scheduling); *Solar Star Sys., LLC v. Bellsouth Telecomm., Inc.*, 2011 WL 1226119 at *1 (S.D. Fla. Mar. 30, 2011) (broad discretion to limit scope of discovery and control its timing to protect party from annoyance, oppression, or undue burden or expense). Courts in this District routinely exercise the power to stay a proceeding where a stay would promote judicial economy and efficiency. *E.g.*, *Fondo De Proteccion Social De Los Depositos Bancarios, et al., v. Diaz Reus & Targ, LLP*, No. 16-21266-CIV-Torres, 2016 WL 10952495, at * 1 (S.D. Fla. Dec. 29, 2016); *Zinn v. SCI Funeral Servs. of Fla., Inc.*, No. 12-80788-CIV, 2013 WL 12080175, * 2 (S.D. Fla. Mar. 4, 2013) (collecting cases staying discovery pending resolution of a potentially dispositive motion to dismiss).

A stay of discovery is appropriate where the movant shows "good cause" and reasonableness, such as showing resolution of a preliminary motion may dispose of the entire action. *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010). While there is no general rule that discovery must be stayed in every case until a motion to dismiss is resolved, the filing of a potentially case-dispositive motion like YouTube's Motion to Dismiss weighs heavily in favor of a stay. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367 (11th Cir. 1997) (stating "facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins"); *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1309 (11th Cir. 2020) ("failure to consider and rule on … potentially dispositive … motions prior to discovery can be an abuse of discretion"); *Rodriguez v. Imperial Brands PLC*, No. 20-23287-CIV-Gayles/Otazo-Reyes, 2022 WL 2231504, at *3 (S.D. Fla. May 25, 2022) (stay of discovery warranted until defendants required to file answer following resolution of pending motion to

dismiss); *Landmark Equity Fund II, LLC v. Residential Fund 76, LLC*, No. 13-20122-CIV-Hunt, 2013 WL 12144068, *1 (S.D. Fla. Nov. 21, 2013) (staying discovery pending resolution of motion to dismiss second amended complaint).

In determining whether to grant a temporary stay, the Court must balance the harm from delaying discovery against the possibility YouTube's Motion to Dismiss will be granted and eliminate the need for discovery. *Rodriguez*, 2022 WL 2231504 at *3. The Court takes a "preliminary peek" at the merits of YouTube's Motion to Dismiss to see if it appears clearly meritorious and case dispositive, and also considers the relative prejudice and hardship to the parties and general efficiency. *Id.*

There is good cause to temporarily stay all case planning and discovery deadlines in this action pending resolution of YouTube's Motion to Dismiss. Plaintiff purports to bring claims for libel, discrimination, and antitrust violations against YouTube because YouTube allegedly removed videos and terminated Plaintiff's user account based on accusations of serial infringement reported by a third-party. The Motion to Dismiss seeks a dismissal of this entire action with prejudice and sets forth several independent grounds for dismissing each of Plaintiff's purported claims as a matter of law. (D.E. 4 at 5-10.)

Plaintiff's purported libel claim is based on the allegations that a third-party (3A Corporation) submitted infringement complaints about his videos and account on YouTube, trademark strikes were not removed, and his YouTube account was terminated. (*See* Compl. ¶¶ 4-5, D.E. 1-1 pp. 7-8.) YouTube has established that Plaintiff's purported libel claim fails because:

1. Plaintiff does not identify any false statement of fact YouTube published about him;

2. Removing videos or terminating Plaintiff's account is non-verbal conduct which cannot be actionable as libel as a matter of law;

and

    3.      YouTube cannot be liable for any third-party's statements (like the alleged infringement reports or trademark strikes) pursuant to the immunity granted by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1).

(D.E. 4 at 5-7; D.E. 9 at 4.)

Plaintiff's purported discrimination claim is based on the allegations that his YouTube account was active for four years until third-party 3A Corporation saw Plaintiff's skin color while he was holding Japanese textbooks and submitted infringement complaints about his videos and account on YouTube. (*See* Compl. ¶¶ 4-5, D.E. 1-1 pp. 7-8.) YouTube has established that Plaintiff's purported discrimination claim fails because:

    1.      Plaintiff does not identify any statutory basis for his claim or whether he is trying to assert a claim under Florida or federal law;

    2.      Plaintiff fails to allege he is a member of a protected class;

    3.      YouTube is not a state actor, and does not provide a place of public accommodation;

    4.      YouTube did not act with racial animus or intent to discriminate; and

    5.      Plaintiff asserts a third-party acted discriminatorily, YouTube did not act based on Plaintiff's race (or any other protected characteristic), and no similarly situated individuals have been treated differently.

(D.E. 4 at 7-9; D.E. 9 at 4-5.)

Plaintiff's purported antitrust claim is based on the conclusory allegation that YouTube has a monopoly over Japanese educational material. (*See* Compl. ¶ 5, D.E. 1-1 p. 8.) YouTube has established that Plaintiff's purported antitrust (monopolization) claim fails because:

    1.      Plaintiff fails to state if he is trying to assert a claim under Florida or federal law;

    2.      There is no cognizable relevant market here;

    3.      YouTube does not have monopoly power over Japanese textbooks or education;

    4.      YouTube did not act in a predatory or exclusionary manner to obtain or maintain non-existent monopoly power over Japanese textbooks or education;

and

5. YouTube has not caused any antitrust injury.

(D.E. 4 at 9-10; D.E. 9 at 5-6.)

Despite his numerous response briefs (several of which are improper under the Local Rules), Plaintiff effectively abandoned all of his claims by failing to address any of the arguments raised in the Motion to Dismiss. (*See* D.E. 9 at 2-6.) Hence, all of the independent grounds for dismissing each of Plaintiff's claims outlined above stand un-rebutted and require dismissal of this action. As shown, even a preliminary peak at the merits shows Plaintiff's claims are especially dubious and that there is a strong likelihood that the Motion to Dismiss will be granted.

YouTube has also established that the dismissal should be with prejudice and would therefore be dispositive of the entire action. Here, amendment would be futile in light of the indisputable fact that the Terms of Service governing Plaintiff's use of YouTube's services gives YouTube the unilateral right to remove user content, terminate user accounts, and terminate user access to those services. (D.E. 4 at 2-3, 11; D.E. 9 at 6.) Despite amending his opposition brief at least three times, including submitting additional arguments in three filings since the briefing closed on the Motion to Dismiss, Plaintiff has still not addressed any of YouTube's arguments requiring dismissal, nor has he identified any possible additional facts which he might reasonably allege in an amended complaint. (*See* D.E. 8, 12, 16, 18.) Hence, Plaintiff's own arguments confirm his claims should be dismissed with prejudice.

In addition, the requested temporary stay of all case planning and discovery related deadlines is reasonable and necessary because the stay is limited in scope and duration, and is intended to promote judicial efficiency and economy. In fact, all of the case scheduling issues will be rendered moot should the Court grant YouTube's Motion to Dismiss. A short stay of all pending

8

case management and pendent discovery deadlines will not cause or result in any prejudice to Plaintiff. YouTube, however, will be prejudiced if a temporary stay is not imposed by the Court because it will be forced to expend time and resources on case scheduling and other matters that are almost certain to be unnecessary in light of Plaintiff's inability to state a single plausible claim for relief against YouTube.

For these reasons, YouTube respectfully requests that the Court enter an order: (i) granting YouTube's Motion to Stay Case Planning and Discovery Deadlines; (ii) staying the deadlines for the parties to hold the Rule 26(f) conference and file a Joint Scheduling Report until thirty (30) days after the Court has ruled on the pending Rule 12(b)(6) Motion to Dismiss the Complaint; (iii) suspending all other case deadlines, including for the Parties' initial disclosures and the start of discovery, which shall be set once the Parties have submitted the Joint Scheduling Report and the Court has entered a Case Scheduling Order; and (iv) granting any other relief that this Court deems just and proper. A proposed Order is attached for the Court's consideration.

## **RULE 7.1(a)(3) CERTIFICATION**

YouTube conferred with Plaintiff regarding the relief sought in this motion but the parties could not reach an agreement. This includes YouTube's letter and proposed joint motion to stay attached as Exhibit 1, which was sent to Plaintiff by email and hand delivery on May 10, 2024, and YouTube's follow up letter attached as Exhibit 2, sent to Plaintiff by email and hand delivery on May 15, 2024. YouTube's letters detailed the relief sought in this motion, invited Plaintiff to join, provided a proposed "Joint Motion" for Plaintiff's consideration, and YouTube also provided Plaintiff with a copy of the Court's May 6 Order and May 15 Order. Plaintiff responded during the evening of May 15 through the email attached as Exhibit 3 informing YouTube's counsel that he would not join a motion for stay. One of YouTube's counsel of record, Mr. Whitaker, then held a

telephone conference with Plaintiff on May 16, 2024. YouTube's counsel explained YouTube's position, but Plaintiff maintains his refusal and opposes the requested stay.

Respectfully submitted this 16th day of May, 2024.

/s/ Damon J. Whitaker
**BRYAN CAVE LEIGHTON PAISNER, LLP**
Ezequiel J. Romero, Esq.
Florida Bar No. 107216
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Email: Ezequiel.romero@bclplaw.com

Damon J. Whitaker, Esq.
Florida Bar No. 0923591
1201 W. Peachtree St. NW, 14th Floor
Atlanta, GA 30309
Tel: (404) 572-6600
Email: damon.whitaker@bclplaw.com

*Attorneys for YouTube, LLC*

## CERTIFICATE OF SERVICE

I certify that on May 16, 2024, a true and correct copy of Defendant YouTube, LLC's Motion to Stay Case Planning and Discovery Deadlines was served on all parties registered with the Court's CM/ECF system and by U.S. Mail and email to Chris Elisha Smith at 555 N.W. 29th Avenue, Fort Lauderdale, Florida 33311 and lesliesmit555@gmail.com.

/s/ Damon J. Whitaker