**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| Chris Elisha Smith,<br>Plaintiff,<br>v.<br><br>YouTube, LLC,<br>Defendant. | Civil Action No.: 0:24-cv-60441-MD |

**YOUTUBE, LLC'S COMBINED**
**REPLY IN FURTHER SUPPORT OF ITS MOTION TO STAY AND**
**RESPONSE TO PLAINTIFF'S MOTION TO OPPOSE SANCTION**

Defendant YouTube, LLC ("***YouTube***") replies in further support of its Motion to Stay Case Planning and Discovery Deadlines (D.E. 20) and in response to Plaintiff's "Motion to Oppose Case Stay Planning and Discovery Deadlines" (D.E. 21), and responds to Plaintiff's "Motion to Oppose Sanction" (D.E. 22) which Plaintiff filed in response to the Court's Order Striking Plaintiff's Scheduling Report [ECF No. 18] (D.E. 19, "Order to Show Cause").

YouTube's Motion to Stay asks the Court to temporarily stay the case management and scheduling deadlines, including the submission of the Joint Scheduling Report (by May 20, 2024), and to postpone the start of discovery, until after the Court rules on YouTube's Motion to Dismiss the Complaint (D.E. 4, "Motion to Dismiss"). While Plaintiff opposes YouTube's Motion to Stay, he provides no basis to deny the stay or offer any explanation why this meritless action should proceed any further before the Court determines if the *pro se* Complaint states any plausible claim for relief (it does not). (*See generally* D.E. 21 & 22.) Plaintiff has therefore abandoned any arguments against the stay. *See, e.g., GOLVI'V, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017) ("When a party fails to respond to an argument or address a claim in a response brief, such argument or claim can be deemed abandoned."). Furthermore, YouTube's

Motion to Stay establishes that the required "preliminary peak" at the merits shows that YouTube's Motion to Dismiss should be granted and sets forth good cause for the requested stay. (D.E. 20 at 4-9.) Accordingly, the Court should grant YouTube's Motion to Stay for the unrefuted reasons set forth therein by YouTube.

In the Order to Show Cause, the Court warned Plaintiff he could be sanctioned for failure to comply with the Court's order requiring the parties to prepare and file a joint scheduling report, *i.e.*, for *not* meeting and conferring with YouTube and for not submitting a *joint s*cheduling report. (D.E. 15 & 19.) Ironically, Plaintiff wrongly accuses YouTube of failing to meet and confer. (*See* D.E. 22.) YouTube repeatedly attempted to meet and confer with Plaintiff concerning the case management conference, joint report, and related matters by letters delivered to Plaintiff by email and hand delivery on May 10 and 15, 2024, by a telephonic meet and confer held on May 16, 2024, and by email on May 17, 2024. (D.E. 20-1; D.E. 20-2; D.E. 21 at 6-7.) YouTube invited Plaintiff to join it in requesting the temporary stay (which Plaintiff declined), further explained the relief sought by its Motion to Stay and why a temporary stay was appropriate, and explained that YouTube would work with Plaintiff to hold the case management conference and prepare the proposed scheduling order if the Court denied the Motion to Stay. (*E.g.*, D.E. 21 at 6.) Regardless, in light of YouTube's Motion to Stay and the Court's Order striking Plaintiff's unilateral scheduling report, YouTube does not believe sanctions are necessary at this time.

Finally, Plaintiff's confusing assertions that YouTube is somehow trying to hide Plaintiff's papers opposing the Motion to Dismiss are flat wrong. As previously noted, several of Plaintiff's filings (D.E. 12 & 16) were improperly filed without leave of Court in violation of S.D. Fla. Local Rule 7.1(c)(1). Nevertheless, YouTube has acknowledged that Plaintiff opposes the Motion to Dismiss, but respectfully submits that the Court should readily grant YouTube's Motion to

Dismiss. YouTube's briefing establishes numerous independent reasons why each of Plaintiff's purported claims fails as a matter of law, and that the action should be dismissed with prejudice. Plaintiff's opposition papers do not respond to the substance of any of YouTube's arguments, and this failure combined with Plaintiff's failure to identify any additional facts he could reasonably allege, confirms that the Court should dismiss the Complaint with prejudice.

For the foregoing reasons, and those contained in YouTube's Motion to Stay Case Planning and Discovery Deadlines, YouTube respectfully requests that the Court grant YouTube's Motion and enter the stay outlined therein.

Respectfully submitted this 28th day of May, 2024.

*/s/ Ezequiel J. Romero*
**BRYAN CAVE LEIGHTON PAISNER, LLP**
Ezequiel J. Romero, Esq.
Florida Bar No. 107216
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Email: Ezequiel.romero@bclplaw.com

Damon J. Whitaker, Esq.
Florida Bar No. 0923591
1201 W. Peachtree St. NW, 14th Floor
Atlanta, GA 30309
Tel: (404) 572-6600
Email: damon.whitaker@bclplaw.com

*Attorneys for YouTube, LLC*

**CERTIFICATE OF SERVICE**

I certify that on May 28, 2024, a true and correct copy of YouTube, LLC's Combined Reply in Further Support of its Motion to Stay and Response to Plaintiff's Motion to Oppose Sanction was served on all parties registered with the Court's CM/ECF system and by U.S. Mail and email to Chris Elisha Smith at 555 N.W. 29th Avenue, Fort Lauderdale, Florida 33311 and lesliesmit555@gmail.com.

*/s/ Ezequiel J. Romero*
Ezequiel J. Romero, Esq.