UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  24-60441-CIV-DAMIAN

**CHRIS E. SMITH**,

    Plaintiff,

v.

**YOUTUBE, LLC**,

    Defendants.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO STAY [ECF NO. 20] AND DENYING AS MOOT PLAINTIFF'S AMENDMENT MOTION TO STOP DISMISSAL [ECF NO. 8]

**THIS CAUSE** is before the Court on *pro se* Plaintiff, Chris E. Smith's ("Plaintiff"), Amendment Motion to Stop Dismissal [ECF No. 8], filed on April 4, 2024, and Defendant, YouTube, LLC's ("Defendant" or "YouTube"), Motion to Stay Case Planning and Discovery Deadlines, filed on May 16, 2024 [ECF No. 20] (collectively, the "Motions").

THE COURT has reviewed the Motions and the pertinent portions of the record and is otherwise fully advised. For the following reasons, the Motion to Stay is granted.

On January 30, 2024, Plaintiff filed a *pro se* Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, against YouTube alleging claims for libel, discrimination, and antitrust/trade regulations after YouTube allegedly removed Plaintiff's videos and terminated Plaintiff's user account based on accusations of serial infringement reported by a third-party. *See generally* Complaint [ECF No. 1-1 at 7–9].

On March 20, 2024, YouTube removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1331. [ECF No. 1]. YouTube filed a Motion to Dismiss on March 27, 2024. [ECF No. 4]. In the Motion to Dismiss, YouTube seeks dismissal of the entire action with prejudice

pursuant to Rule 12(b)(6) for failure to state a claim. *See id.* Since the filing of the Motion to Dismiss, Plaintiff has submitted several *pro se* filings, including at least four separate responses in opposition to the Motion to Dismiss [ECF Nos. 7, 8, 12, and 16] totaling over sixty pages.

YouTube asks the Court to stay all case planning and discovery deadlines in this action pending the Court's ruling on the Motion to Dismiss. In response to the Motion to Stay, Plaintiff filed a response that is unintelligible and includes several emails between the parties. [ECF No. 24].

"The District Court has broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (alteration added; citations omitted)).

In light of the nature of the instant action and the submissions by *pro se* Plaintiff in opposition to the Motion to Dismiss, the undersigned agrees that a stay is warranted. Therefore, the Court uses its broad discretion to stay the case. By granting a stay of the proceedings, the Court is not suggesting *any* view on the merits of YouTube's Motion to Dismiss.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that YouTube's Motion to Stay **[ECF No. 20]** is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that Plaintiff's Amendment Motion to Stop Dismissal [**ECF No. 8**] is **DENIED AS MOOT**. The Court construes Plaintiff's filing [ECF No. 8] as an amended response in opposition to the Motion to Dismiss. It is further

**ORDERED** that this case is **STAYED**. The Clerk of the Court is **DIRECTED** to mark this case **CLOSED** for statistical purposes only. The Court nonetheless retains jurisdiction to address YouTube's Motion to Dismiss, and the case shall be restored to the active docket upon Court order following a ruling on that Motion or other order of the Court.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 11th day of June, 2024.

_____
MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE

cc:  Chris E. Smith, *Pro se*
555 N.W. 29th Avenue
Fort Lauderdale, FL 33311

Counsel of record