**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-60441-CIV-DAMIAN**

**CHRIS E. SMITH**,

Plaintiff,

v.

**YOUTUBE, LLC**,

Defendants.
______________________________/

**ORDER ON DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

**THIS CAUSE** is before the Court on Defendant, YouTube LLC's ("YouTube"), Rule 12(b)(6) Motion to Dismiss [ECF No. 4] ("Motion"), filed March 27, 2024. Plaintiff, Chris E. Smith ("Plaintiff"), appearing *pro se*, submitted a document, titled "Amendment Motion to Stop Dismissal" [ECF No. 8], on April 4, 2024, which this Court construes as an Amended Response to the Motion. On April 10, 2024, YouTube filed a Reply. [ECF No. 9]. The Motion is fully briefed and ripe for adjudication.

THE COURT has reviewed the Motion, Plaintiff's *pro se* Amended Response, YouTube's Reply, and the pertinent portions of the record and is otherwise fully advised. For the following reasons, the Motion is granted in part.

## I. BACKGROUND

On January 30, 2024, Plaintiff filed a *pro se* Complaint in the 17th Judicial Circuit Court in Broward County, Florida, against YouTube alleging claims for libel, discrimination, and antitrust/trade regulations. *See generally* Complaint [ECF No. 1-1]. Plaintiff alleges YouTube removed Japanese grammar lesson videos Plaintiff had posted to his YouTube channel and terminated Plaintiff's account in response to allegations of trademark

infringement reported by a third-party. *See id.* at 7–9. Plaintiff specifically alleges that after his "skin color was seen on red, unopened Japanese textbooks," a third party named "3A Corporation" abused YouTube's systems by submitting "illegitimate trademark strikes" to get Plaintiff's videos on "Japanese textbook lessons" removed and his account terminated. *Id.*

On March 20, 2024, YouTube removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1331. [ECF No. 1]. YouTube filed the Motion to Dismiss now before the Court on March 27, 2024. [ECF No. 4]. On April 1, 2024, Plaintiff submitted a document, titled "Motion to Stop Dismissal," which included irrelevant attachments. [ECF No. 7]. On April 4, 2024, Plaintiff submitted a second document, titled "Amendment Motion to Stop Dismissal" [ECF No. 8 ("Amended Response")], which this Court construes as an Amended Response in opposition to Defendant's Motion to Dismiss. YouTube filed a Reply in support of the Motion on April 10, 2024. [ECF No. 9 ("Reply")].

On April 12, 2024, Plaintiff submitted a third document, titled "Response in Opposition to Motion to Dismiss," which contains Plaintiff's handwritten statements and other attachments relating to Japanese grammar lessons. [ECF No. 12]. On May 10, 2024, Plaintiff submitted a fourth document, titled "Amendment to Response in Opposition to Motion to Dismiss." [ECF No. 16]. However, sur-replies are not allowed under the Local Rules without express permission of the Court. *See* S.D. Fla Local Rule 7.1(c)(1) ("No further or additional memoranda of law shall be filed and served without prior leave of Court."). Therefore, the Court will not consider Plaintiff's "Response in Opposition to Motion to Dismiss" and "Amendment to Response in Opposition to Motion to Dismiss" in ruling on Defendant's Motion as they were submitted in contravention of the Local Rules. For the same reason, these documents shall be stricken from the record.

On May 16, 2024, YouTube filed a Motion to Stay Case Planning and Discovery Deadlines seeking a stay pending the Court's ruling on the Motion to Dismiss. [ECF No. 20]. Plaintiff opposed the Motion to Stay by submitting several e-mail communications with opposing counsel and unintelligible documents and attachments. [ECF Nos. 21, 24, and 25]. On June 11, 2024, this Court granted the Motion to Stay, and the case has been stayed since that date. [ECF No. 26].

## II. APPLICABLE LEGAL STANDARDS

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

In addressing the merits of the Motion to Dismiss and Plaintiff's *pro se* Amended Response and Complaint, this Court is mindful that courts afford a liberal construction to the allegations of *pro se* litigants, holding them to more lenient standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). In addition, a *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also Lee v. Alachua Cnty.*, 461 F. App'x 859, 860 (11th Cir. Feb. 21, 2012) (unpublished decision) (explaining that where a "more a carefully drafted complaint might state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile). And, if a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to amend. *See generally Walker v. Ga. Bank & Trust of Augusta*, No. CV 114-155, 2014 WL 5591045, at *8 (S.D. Ga. Nov. 3, 2014) (refusing to offer plaintiff another chance to amend his complaint because plaintiff failed to present any facts that would support such claims and incoherencies, internal inconsistencies, and irrelevant attachments failed to demonstrate the plausibility of any such claims); *Mahan v. SunTrust Mortg., Inc.*, No. 5:14-CV-

109-Oc-10PRL, 2015 WL 3605105, at *7-8 (M.D. Fla. June 8, 2015) (concluding that although the court should afford leniency to *pro se* litigants, the court could not extend that leniency forever and that offering plaintiff any further opportunities to amend his complaint would be a waste of judicial resources).

## III. ANALYSIS

In the Motion, YouTube argues that Plaintiff's Complaint should be dismissed because it does not state a single plausible claim for relief. YouTube further argues that dismissal with prejudice is warranted because amendment would be futile in light of YouTube's contractual right to remove user content and terminate accounts with its service in response to infringement complaints submitted by third parties.

As a preliminary matter, although Plaintiff submitted an Amended Response to the Motion to Dismiss, Plaintiff did not respond to any of the arguments raised in YouTube's Motion. Plaintiff's Amended Response is largely incoherent and is riddled with nonsensical assertions. For instance, Plaintiff claims he "does not have access or visibility to Japanese women, federal or state laws prohibit 'sex tourism' to other areas and plaintiff studies make it possible to access Japanese women." Am. Resp. at 3. Plaintiff also attaches documents depicting Japanese symbols and sections of the United States Code pertaining to copyright infringement. *See id.* at 7–21.

When a party fails to respond to its opponent's argument or otherwise address a claim, the Court may consider such argument or claim abandoned. *Meridian Tr. Co. v. Batista*, No. 17-23051, 2018 WL 4760277, at * 5 (S.D. Fla. Sep. 30, 2018) (citing *Hudson v. Norfolk Southern Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2011) (quotation omitted)). However, after considering the relevant legal authority, and in light of Plaintiff's *pro se* status, the Court finds it appropriate to consider YouTube's Motion on the merits notwithstanding Plaintiff's failure

to address the arguments raised in the Motion. *See United States v. Korman*, No. 08-81090, 2009 WL 2195136, at * 1 (S.D. Fla. Apr. 23, 2009) (considering plaintiff's motion to dismiss *pro se* defendant's counterclaim despite defendant's failure to respond to motion to dismiss); *L.S. v. T.W.*, No. 10-0571, 2011 WL 381808, at * 1 (S.D. Ala. Jan. 24, 2011) (reviewing defendant's motion to dismiss on the merits despite plaintiff's failure to respond in opposition).

***A. Whether Plaintiff's Complaint States A Plausible Claim For Relief.***

In the Complaint, Plaintiff indicates that he is alleging claims for "Libel, Discrimination, [and] Antitrust/Trade Regulations" against YouTube for the "brute-force removal of credible learning videos without due process of law." [ECF No. 1-1 ("Compl.") at 8]. YouTube argues that Plaintiff's Complaint fails to state the elements of any of the three causes of action it purports to assert. This Court agrees.

The main problem with Plaintiff's Complaint is that it fails to meet the minimum basic pleading requirements of Rule 8. The Complaint, in its current form, requires the Court to parse Plaintiff's allegations and determine for itself which facts satisfy the elements of Plaintiff's causes of action. But "courts are not required to aid [*pro se*] litigants in setting forth legally cognizable claims." *Williams v. Donald*, No. 1:08-CV-57, 2009 WL 2589595, at *4 (M.D. Ga. Aug. 19, 2009); *see also GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." (citations omitted)). The "Complaint," if that is what the document purports to be, is an impermissible shotgun pleading that fails to give the Defendant adequate notice of the claims against it and the ground on which each claim rests. *See, e.g.*, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). "[A] complaint will be

dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).

Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Complaint fails to meet the basic pleading standards. The Complaint does not include sufficient factual matter, accepted as true, that allows the Court to reasonably infer that YouTube is liable for any misconduct or wrongdoing. To the extent Plaintiff alleges that YouTube breached a particular statute, guideline, or regulation in removing Plaintiff's videos and terminating his user account, Plaintiff fails to identify which provision YouTube allegedly violated.

In sum, Plaintiff's Complaint is subject to dismissal as it does not plausibly plead any claims for relief.

***B. Whether The Complaint Should Be Dismissed Without Leave To Amend.***

A district court may properly deny leave to amend when an amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004); *see also Eveillard v. Nationstar Mortg. LLC*, No. 14-CIV-61786, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015) ("The law in this Circuit is clear that 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.'") (quoting *Hall*, 367 F.3d at 1263). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999). This determination is akin to a finding that the proposed amendment would not survive a motion to dismiss. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed

amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.”).

Initially, the undersigned notes that Plaintiff did not request leave to amend, but, because Plaintiff is *pro se*, the undersigned nevertheless considers whether amendment would be futile.

YouTube argues that Plaintiff's Complaint should be dismissed with prejudice because amendment would be futile. Mot. at 11. In support, YouTube contends that access to and continued operation of a YouTube user account is governed by the YouTube Terms of Service and Community Guidelines, which every user must agree to and accept when creating an account and when uploading videos. Mot. at 3. According to YouTube, its Terms of Service provide: (1) YouTube is not obligated to publish or host any user videos; (2) users are prohibited from uploading content that infringes the intellectual property rights of others or otherwise violates the law, the Terms of Service or Community Guidelines; (3) YouTube has the unilateral right to remove user videos and terminate user accounts in its sole discretion; and (4) YouTube is not liable for any damages resulting from the removal of content or termination of a user's account. *Id.* (citing cases wherein courts have recognized and outlined YouTube's Terms of Service).

Courts in other districts have interpreted YouTube's Terms of Service to permit YouTube to revoke user access at its discretion. *See, e.g.*, *Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 881, 885 (N.D. Cal. 2015) (foreclosing breach-of-contract claim premised on YouTube's removal of a video with an inflated view count). Likewise, other courts have determined that YouTube can remove or restrict content that violates its Terms of Service. *See, e.g.*, *Prager Univ. v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020) (“YouTube invites the public to post video and other content on its platform and is ‘committed to fostering a

community where everyone's voice can be heard.' Subject to the Terms of Service and Community Guidelines that a user must accept before posting a video, YouTube has reserved the right to remove or restrict content. YouTube may remove content that violates its Terms of Service, or restrict otherwise objectionable videos (even if they do not violate the Terms of Service), such as those deemed to be age-inappropriate."). Additionally, YouTube's Terms of Service do not give users a right of access to content from a terminated account. In *Lewis v. YouTube, LLC*, 244 Cal. App. 4th 118 (2015), YouTube terminated a user's account and then restored it, but some content allegedly was destroyed when the account was disabled. The plaintiff sued for breach of contract and sought either restoration of the channel or damages. *Id.* at 121–23, 126–27. The appellate court found no breach because "there is no provision in the Terms of Service that requires YouTube to maintain particular content" or be a "storage site for users' content." *Id.* at 126–27.

However, in the instant case, YouTube's Terms of Service are neither attached to nor referred to in the Complaint. Generally, a district court in the Eleventh Circuit must "convert a [Rule 12(b)(6)] motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (citation omitted). Exhibits attached to a complaint can be considered with the complaint at the motion-to-dismiss stage. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, the "incorporation by reference" doctrine allows courts to consider documents referenced in a complaint at the motion-to-dismiss stage. *See Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006). Here, as mentioned above, the Terms of Service are not attached to nor mentioned in the Complaint, so they are not properly considered at this stage in the proceedings under the incorporation by reference doctrine.

A "document attached to a motion to dismiss may [also] be considered by the court without converting the motion into one for summary judgment . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). There is no indication that the Terms of Service are undisputed in this case. Thus, the Terms of Service cannot be incorporated by reference into Plaintiff's Complaint.

Thus, although YouTube cites caselaw that supports its position regarding the futility of amendment based on the Terms of Service, the undersigned finds that the Terms of Service are not properly before this Court and cannot, therefore, serve as the basis for dismissal with prejudice.

## IV. CONCLUSION

Accordingly, based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. YouTube's Motion to Dismiss **[ECF No. 4]** is **GRANTED in part**.
2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff's sur-replies **[ECF Nos. 12 and 16]** are **STRICKEN** from the record.

In the event Plaintiff seeks to file an Amended Complaint, Plaintiff shall do so within **fourteen (14) days** of the entry of this Order and is admonished to address the issues raised herein and in YouTube's Motion to Dismiss in any such amended pleading. If the amended pleading, if any, is determined to be non-compliant with the instant Order, or to fail to articulate a claim for relief, it will be dismissed with prejudice. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies . . . . What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails

to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds.").

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 13th day of March, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Chris E. Smith, *Pro se*
555 N.W. 29th Avenue
Fort Lauderdale, FL 33311

Counsel of record